BRYAN *v.* AKERS.

Opinion delivered June 18, 1928.

*C. P. Harnwell,* for appellant.

*Jay M. Rowland,* for appellee.

McHANEY, J. On June 19, 1927, appellant's Essex automobile was stolen in Little Rock and, a few days later, the police department of Little Rock was notified by appellee, a private detective of Hot Springs, that he had located the car, and wanted to know if there was a

reward offered. He was advised that no reward was offered, and there was no theft insurance on the car. Akers found out that the car belonged to Bryan, and, on June 29, had the car hauled in from some distance out of Hot Springs and put in his back yard, in the city. On the night of June 29 he called up Bryan, and, according to Akers, told him he had found his car, that it was nine miles out in the country, and that Bryan told him to get the car and bring it in. According to Bryan, he did not ask him to get the car, but that Akers told him he already had the car, and that if he wanted it to come and get it. Bryan went to Hot Springs the next day, paid all telephone calls and the charges made by the Red Ball Garage for towing the car in, but refused to pay Akers anything for the recovery of the car. It appears that Akers was a deputy sheriff at the time. Akers refused to surrender the car until the bill was paid, and appellant instituted replevin in the municipal court, gave bond, and secured an order of delivery. Akers filed a cross-bond, and retained possession of the car. In the meantime Akers stored the car in the National Park Garage, C. Floyd Huff, Jr., proprietor, where it remained until the order of the circuit court releasing it, November 25, 1927. This replevin suit was dismissed by the municipal court on July 16, and an appeal taken to the circuit court, where judgment was rendered against appellant in favor of the National Park Garage and C. Floyd Huff, Jr., for storage on the car in the sum of $35, and to Akers $24.40 for expenses and services performed in securing the return of said automobile. Possession of the car was awarded to appellant by the circuit court upon the payment of the above sums. He deposited a cash bond in the sum of $200, and took his appeal to this court.

We think the circuit court erred in so far as it rendered judgment in favor of the National Park Garage or Akers. The National Park Garage is not a party to this action, did not intervene or file any claim asking judgment for storage, and the court therefore had no jurisdiction to render judgment against appellant in favor

of a person not claiming it; but, even if it had filed an intervention, appellant would not have been liable, as appellee had no right to retain possession of said car, demanding compensation for his services in securing the car. He testified himself that he was a deputy sheriff, a commissioned officer, and he therefore had no authority in law to make a charge for his personal services in securing the car. It is not disputed that appellant paid all charges, including telephone bills, which were rather extravagant, in connection with the car. He made no contract with appellee, and, under the circumstances, the law implies none. If there is any liability against any one for the storage of the car in the National Park Garage, it is the liability of appellee, as he gave the cross-bond in retaining possession of the car, and stored it on his own motion in the National Park Garage.

Appellant claimed damages in the sum of $100 for the wrongful detention of his car, but he made no proof of the amount of damages he was entitled to, or, if so, he did not abstract it.

The judgment of the circuit court will therefore be affirmed in so far as it awarded possession of the automobile to appellant, and will be reversed and dismissed in all other particulars.